```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JESUS GONZALEZ,<br><br>                      Plaintiff,<br><br>– against –<br><br>INN ON THE HUDSON LLC,<br><br>                      Defendant. | **OPINION & ORDER**<br><br>20 Civ. 9196 (ER) |

Ramos, D.J.:

      Jesus Gonzalez brings this suit under the Americans with Disabilities Act ("ADA") and the ADA Accessibility Guidelines ("ADAAG"), as well as the New York State Human Rights Law and the New York City Human Rights Law, alleging denial of full and equal access to a website owned by Inn on the Hudson LLC ("Hudson"). Doc. 1 at 1, 10. Before the Court is Hudson's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), and lack of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

      For the reasons set forth below, Hudson's motion to dismiss is GRANTED.

## I.    BACKGROUND

### A.  Factual Background

      The following facts are based on the allegations set forth in the Complaint, which the Court accepts as true when deciding on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *People United for Child., Inc. v. City of New York*, 108 F. Supp. 2d 275, 283 (S.D.N.Y. 2000) (citing *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992)); *see also Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012) (the same standard applies to Fed. R. Civ. P. 12(b)(6) motions).

Gonzalez suffers from paraplegia and requires a wheelchair for mobility.  Doc 1 ¶ 8. Hudson owns and operates Inn on the Hudson, a hotel in Peekskill, New York. *Id.* ¶ 1.  Hudson also has a website, www.innonthehudson.com, that provides information on available guestrooms and amenities and allows prospective guests to make reservations. *Id.*

Prior to filing the Complaint, Gonzalez visited Hudson's website to learn about the accessibility features of the hotel and its guestrooms, and to determine whether he can reserve an accessible guestroom.  Doc. 1 ¶ 24.  Specifically, he states,

> [Gonzalez] visited the Website prior to the filing of this case, and will once again visit the Website upon the Defendant's compliance with the laws and regulations specified herein, in order to learn about the accessible (and inaccessible) features, learn about the accessible (and inaccessible) features of guestrooms, assess the extent to which the hotel meet[s] each of his specific accessibility needs, and determine whether they can reserve an accessible guestroom; in short, Plaintiff will revisit to determine whether the Website has become properly ADA compliant.

*Id.*  Gonzalez claims to have encountered barriers prohibited by the ADA and the ADAAG, and therefore the New York State Human Rights Law. *Id.* ¶ 33.  Specifically, Gonzalez alleges that Hudson's website does not provide adequate information on the hotel's accessibility features and that there are no options to reserve an accessible room via the website.  Doc. 1 ¶ 20–21. Gonzalez claims that Hudson has discriminated against him and all other mobility-impaired persons by denying full and equal access to the hotel and its services due to the limitations of the website. *Id.* ¶ 25.  Gonzalez further alleges that such barriers also violate the New York State Human Rights Law and the New York City Human Rights Law. *Id.* ¶ 30, 36.

**B.  Procedural History**

Gonzalez filed the instant suit on November 3, 2020. *Id.* at 14.  On March 23, 2021, Hudson moved to dismiss for lack of subject matter jurisdiction for failure to sufficiently allege standing, failure to state a claim, and lack of supplemental jurisdiction.

## II.     MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### A. Legal Standard

The Court must dismiss the case for lack of subject matter jurisdiction if the Court "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)).  The party asserting subject matter jurisdiction bears the burden of establishing that jurisdiction exists by a preponderance of the evidence.  *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova*, 201 F.3d at 113).  The Court accepts all material factual allegations in the complaint as true, *Morrison*, 547 F.3d at 170 (quoting *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006)), but it does not presume the truthfulness of the complaint's jurisdictional allegations, *Frisone v. Pepsico, Inc.*, 369 F. Supp. 2d 464, 469–70 (S.D.N.Y. 2005).  When evaluating a Rule 12(b)(1) motion, the Court may consider evidence outside of the pleadings to resolve the disputed jurisdictional fact issues.  *Zappia Middle E. Constr. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000); *see also Morrison*, 547 F.3d at 170 (citing *Makarova*, 201 F.3d at 113).  The Court should refrain from drawing inferences in favor of the party asserting subject matter jurisdiction on a Rule 12(b)(1) motion.  *People United for Child., Inc.*, 108 F. Supp. 2d at 283 (citing *Atl. Mut. Ins. Co.*, 968 F.2d at 198).

When the issue before the Court involves a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), the Court must consider the Rule 12(b)(1) motion first, *Baldessarre v. Monroe-Woodbury Cent. Sch. Dist.*, 820 F. Supp. 2d 490, 499 (S.D.N.Y. 2011), *aff'd*, 496 F. App'x 131 (2d Cir. 2012), because "disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction." *Chambers v. Wright*, No. 5 Civ. 9915 (WHP), 2007 WL 4462181, at *2 (S.D.N.Y. Dec. 19, 2007) (internal quotation marks and citation omitted).

**B. Analysis**

A claimant has standing under the ADA where "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendant's [public accommodation] to plaintiff's home, that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013); *see also Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 154–55 (2d Cir. 2013) (quoting *Kreisler*, 731 F.3d at 187–88). The Second Circuit has established that "deterrence constitutes an injury under the ADA . . . ." *Kreisler*, 731 F.3d at 188.

The Court concludes that Gonzalez failed to satisfy the third requirement for ADA standing and therefore grants Hudson's motion to dismiss for lack of subject matter jurisdiction. The third prong requires a reasonable inference that the plaintiff intended to return to the subject location. *Id.* "Whether an ADA plaintiff intends to return to a place of accommodation is a fact-specific inquiry." *Laufer v. Laxmi & Sons, LLC*, No. 119 Civ. 1501 (BKS) (ML), 2020 WL 2200207, at *2 (N.D.N.Y. May 6, 2020). To "maintain an ADA cause of action seeking injunctive relief to prevent future injury, a plaintiff must allege[ ] facts giving rise to an inference that he will suffer future discrimination by the defendant." *Shaywitz v. Am. Bd. of Psychiatry & Neurology*, 675 F. Supp. 2d 376, 382 (S.D.N.Y. 2009) (internal quotation marks and citation omitted). The threat of future injury must be "real and immediate" rather than "merely conjectural or hypothetical." *Id.* (internal quotation marks omitted). Courts have found that ADA claimants "have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access." *Harty v. W. Point Realty, Inc.*, 477 F. Supp. 3d 163, 167 (S.D.N.Y. 2020), *aff'd*, No. 20 Civ. 2672, 2022 WL 815685 (2d

Cir. Mar. 18, 2022) (quoting *Disabled in Action of Metro. N.Y. v. Trump Int'l Hotel & Tower*, No. 1 Civ. 5518 (MBM), 2003 WL 1751785, at *7 (S.D.N.Y. Apr. 2, 2003)) (internal quotation marks omitted).

In *Harty v. W. Point Realty, Inc.*, the district court held that the plaintiff failed to allege sufficient facts to support an inference of a particularized and concrete injury and a real threat of future harm. 477 F. Supp. 3d at 168. Specifically, the plaintiff in *Harty* needed to state his intent to return to the defendant's website to book a room or utilize the defendant's services. *Id.* The Court found that the plaintiff's stated intent to return to the website merely to see whether it violated the ADA was insufficient to find standing. *Id.* The Second Circuit recently affirmed the district court's decision and stated, "Because Harty asserted no plans to visit [the area in which the hotel was located] or the surrounding area, he cannot allege that his ability to travel was hampered by [the defendant's] website in a way that caused him concrete harm." *Harty v. W. Point Realty, Inc.*, No. 20 Civ. 2672, 2022 WL 815685, at *4 (2d Cir. Mar. 18, 2022).

Other district courts in the Second Circuit have also required ADA claimants to state their intent to revisit the defendants' websites to utilize the defendants' services. In *Laufer v. Dove Hess Holdings, LLC*, the Northern District of New York refused to confer standing where the plaintiff stated that she intended to revisit the defendant's online reservation system to test it for compliance "and/or to utilize the system to reserve a guest room and otherwise avail herself" of the property's facilities and accommodations. No. 520 Civ. 379 (BKS) (ML), 2020 WL 7974268, at *2 (N.D.N.Y. Nov. 18, 2020), *motion to certify appeal denied*, No. 520 Civ. 379 (BKS) (ML), 2021 WL 365881 (N.D.N.Y. Feb. 3, 2021). The court stated that the claimant "must demonstrate that [their] intent to return to the website to book a room, or at least to obtain information that would allow her to decide whether to book a room, is plausible." *Id.* at *15.

5

The district court found the plaintiff's statement of her intent to return to the website vague and conclusory and therefore insufficient to establish standing. *Id.*

Similarly, in *Monge v. 405 Hotel LLC*, the Eastern District of New York concluded that the plaintiff failed to allege sufficient facts to show he will revisit the website to book a room or utilize the defendant's services. No. 19 Civ. 451 (SJF) (ARL), 2021 WL 982866, at *6 (E.D.N.Y. Feb. 24, 2021), *report and recommendation adopted*, No. 19 Civ. 451 (SJF) (ARL), 2021 WL 980870 (E.D.N.Y. Mar. 15, 2021). In *Monge*, the ADA claimant alleged he would revisit the defendant's website after it is brought into compliance to learn about the hotel's accessibility features and determine whether they meet his accessibility needs. *Id.* The district court found this statement analogous to the claimant's in *Harty* because it did not allow a reasonable inference that the plaintiff intended to return to the website to reserve a room or utilize the defendant's services. *Id.*

Hudson argues that Gonzalez has not sufficiently alleged that he visited Hudson's website to assess the features of a room he may want to reserve. Doc. 14 at 7. Like the plaintiffs in *Harty*, *Laufer*, and *Monge*, Gonzalez instead states that he intends to return to the website only to determine whether it has become compliant with the ADA. *Id.*; *see* Doc. 1 ¶ 24. In other words, Hudson argues that Gonzalez has failed to allege facts upon which the Court can reasonably infer Gonzalez intends to return to Hudson's website to book a room or utilize Hudson's services. Doc. 14 at 7–8.

Contrarily, Gonzalez argues that *Camacho v. Vanderbilt Univ.*, No. 18 Civ. 10694 (KPF), 2019 WL 6528974 (S.D.N.Y. Dec. 4, 2019) is more persuasive. Doc. 15 at 7. The Court disagrees because *Camacho* concerned a visually impaired plaintiff who alleged that the defendant's website itself was not accessible, *Camacho*, 2019 WL 6528974, at *1–2, whereas the

6

instant case concerns the availability of information on the defendant's website concerning the accessibility of Hudson's facilities. Doc. 1 ¶ 20–21. Accordingly, the *Harty* analysis applies. 477 F. Supp. 3d at 168, *aff'd*, 2022 WL 815685, at *1.

Gonzalez, like the plaintiffs in *Harty*, *Laufer*, and *Monge*, alleges no intention to return to Hudson's website to book a room or utilize Hudson's services. Rather, he states that he "will revisit to determine whether the [w]ebsite has become properly ADA compliant." Doc. 1 ¶ 24. Consequently, Gonzalez fails to meet the third prong of ADA standing and, accordingly, Hudson's motion to dismiss for lack of subject matter jurisdiction is granted.

### C. Leave to Amend

Federal Rule of Civil Procedure 15 instructs courts to "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has instructed courts not to dismiss a complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shabazz v. Bezio*, 511 F. App'x 28, 31 (2d Cir. 2013) (quoting *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009)) (internal quotation marks omitted). In *Lorely Fin. (Jersey) No. 3 Ltd. V. Wells Fargo Sec., LLC*, the Second Circuit reaffirmed the "liberal spirit" of Rule 15 and counseled strongly against the dismissal of claims with prejudice prior to "the benefit of a ruling" that highlights "the precise defects" of those claims. 797 F.3d 160, 190–91 (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011) (per curium)).

Here, because this is the Court's first opportunity to highlight the precise defects of Gonzalez's pleading and it is not yet apparent that another opportunity to amend would be futile, the Court will permit him to replead the dismissed claims.

### III.  CONCLUSION

For the foregoing reasons, Hudson's motion to dismiss for lack of subject matter jurisdiction is GRANTED.  Gonzalez may file an amended complaint, if at all, by April 29, 2022.  If he does not do so, the case will be closed.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 12.

It is SO ORDERED.

Dated:   March 30, 2022
         New York, New York

                                        Edgardo Ramos, U.S.D.J.